SAUNDERS, J.,
agrees, in part, and concurs, in part with written reasons.
hi agree with the majority opinion that Mr. Kidder failed to provide the proper evidence to prove entitlement to confirmation of his preliminary default judgment under federal law. While I agree with the result of the majority opinion regarding Mr. Kidder’s state law action, I disagree with how it adjudicates Mr. Kidder’s confirmation of his preliminary default judgment regarding state law.
The majority opinion states that in order to prove entitlement to his preliminary default judgment under state law, Mr. Kidder “must include evidence indicating that [he] engaged solely in intrastate commerce.” Further, the majority opines that Mr. Kidder failed to do so because he “failed to provide sufficient evidence regarding what was transported to determine whether he worked in interstate or intrastate commerce.” I feel these two statements merit more discussion.
I feel that the majority opinion overstates what evidence was necessary to have been provided by Mr. Kidder in order for him to recover under state law. Loui *882 siana Revised Statutes 23:631 and 632 only require that Mr. Kidder provide evidence that he was not properly paid under the terms of his employment with Statewide. To me, the majority opinion’s statements cited above can be read to place a burden on Mr. Kidder to show that he was not working in interstate 13commerce. This is clearly not the case, as asserting that Mr. Kidder was engaged in interstate commerce, and thus ineligible to recover under state law, would be an affirmative defense against an action based in state law. Such affirmative defenses are the defendant’s burden to assert and prove, and would not properly be required of a plaintiff such as Mr. Kidder.
In my view, both judicial efficiency and proper appellate methodology would best be served by reversing the award given under federal law and affirming the award given under state law instead of reversing that award and remanding the case. This being stated, I must concede that the ends of justice might best be achieved by remanding the case for further proceedings as dictated by the majority opinion. Accordingly, I concur, in part.